RIVERA, PETICIONARIO, *v.* HON. J. A. LÓPEZ ACOSTA, JUEZ DE LA CORTE DE DISTRITO DE GUAYAMA, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez de la Corte de Distrito de Guayama en un pleito sobre desahucio.

No. 277.—Resuelto en abril 8, 1920.

DESESTIMACIÓN DE APELACIÓN—DESAHUCIO—CERTIORARI.—Apelada una sentencia de desahucio sin el previo depósito de los cánones vencidos y del vencido durante el trámite de apelación, procede desestimar el recurso por este motivo, sin que sea obstáculo para el éxito de un recurso de *certiorari* el hecho de que la petición del auto se hiciera después de haber recaído sentencia en la corte de distrito revocando la de la corte municipal, pues aunque ésta última fuera errónea el demandante tenía derecho a que no fuera revisada en apelación a menos que el demandado apelante cumpliera con los requisitos exigidos por el estatuto.

DESESTIMACIÓN DE APELACIÓN—DESAHUCIO POR FALTA DE PAGO.—El hecho de que el demandado en desahucio por falta de pago haya alegado como defensa el no haber sido requerido de pago, no le excusa en caso de apelación de consignar los cánones vencidos y los que se venzan durante la tramitación del recurso.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. M. Guzmán Texidor.*

El demandado compareció por escrito.

Abogado del interventor: *Sr. M. A. Martínez Dávila.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la petición de *certiorari* que nos presentó Esteban Rivera contra el Hon. Juez de la Corte de Distrito de Guayama expuso que en 18 de septiembre de 1919 presentó demanda de desahucio en la Corte Municipal de Cayey contra Sandalio Hernández alegando que éste poseía en arrendamiento una finca del demandante en virtud de un contrato de arrendamiento con el anterior dueño de la finca, que empezó el 12 de mayo de 1915 y vencerá en igual día y mes de 1920, según el cual el arrendatario deberá satisfacer cuarenta dólares anuales pagaderos por semestres dentro de los primeros noventa días de comenzar cada semestre, habiendo dejado de satisfacer los semestres que comenzaron el 12 de

noviembre de 1918 y el día 12 de mayo de 1919; que habiendo
recaído sentencia condenatoria en la corte municipal el 14
de noviembre de 1919 el demandado notificó al demandante
su escrito de apelación contra dicha sentencia el 19 de no-
viembre de 1919 pero lo radicó al día siguiente, por lo que
pidió a la Corte de Distrito de Guayama que desestimara
la apelación por haber sido radicado en la corte municipal
el escrito de apelación cuando había transcurrido el término
para apelar y porque el apelante no había consignado en
la corte municipal ni en la de apelación el importe de los
cánones vencidos hasta la fecha de la sentencia pues tal cosa
no aparecía de los autos del pleito; que su petición fué ne-
gada y señaló día para la práctica de las pruebas; que en
la segunda comparecencia y antes de practicarse la prueba
pidió otra vez el sobreseimiento fundado en que el apelante
no había consignado el importe del semestre que había ven-
cido durante el trámite de la apelación, o sea el último se-
mestre del contrato que comenzó el 12 de noviembre de 1919
y que vencerá el 12 de mayo de 1920, que debió pagarse o
consignarse dentro de los noventa días contados desde el
12 de noviembre de 1919, moción que presentó el 24 de fe-
brero último habiendo aceptado el apelante que no había
pagado ni consignado el importe de dicho plazo, no obstante
lo cual fué negada su petición.

Con tales alegaciones juradas libramos el auto solicitado
y como consecuencia de él se hallan en este tribunal los au-
tos originales de dicho pleito, un informe del juez de dis-
trito y los alegatos del demandante y del demandado, pero
ninguno de ellos asistió a la vista oral de este recurso de
*certiorari.*

En cuanto al primer fundamento de la petición del auto
encontramos en el pleito que si bien el secretario radicó la
apelación contra la sentencia el 20 de noviembre de 1919,
el escrito le fué entregado el día anterior a las cuatro y

treinta y cinco minutos de la tarde con la notificación hecha en ese día al apelado, por lo que no podemos declarar que la apelación se estableció después de los cinco días que concede la Ley de Desahucio y que se cuentan desde la fecha de la sentencia *Ramírez* v. *Pérez,* 25 D. P. R. 231, pues el apelante cumplió con entregar en tiempo su escrito de apelación al secretario aunque éste lo radicara después en sus libros, siendo aplicable por analogía el caso de *Rubert Hermanos* v. *El Pueblo de Puerto Rico,* 18 D. P. R. 858. El registro es deber del secretario y no del apelante.

Pasemos a la otra cuestión referente a la falta de consignación de los plazos vencidos del arrendamiento cuando la apelación fué interpuesta y del que venció después mientras el pleito estaba en apelación.

Fundada la demanda en este caso en la falta de pago del canon del arrendamiento, para que el demandado pudiera interponer apelación contra la sentencia era necesario no sólo que dentro del plazo concedido por la ley para apelar consignara en la secretaría de la corte municipal el importe del precio adeudado sino además los que fueran venciendo durante el recurso, de acuerdo con los artículos 12 y 14 de la Ley de Desahucio. En este caso no consignó el apelante los plazos que estaban vencidos cuando interpuso la apelación por lo que debió prosperar la moción que el apelado hizo a la corte de distrito para que por esa falta desestimara la apelación; ni tampoco consignó el otro plazo que venció cuando se tramitaba el recurso, por lo que también por este motivo debió prosperar la petición que hizo el apelado de que se sobreseyera el asunto, sin que sea obstáculo ahora para que declaremos con lugar la petición de *certiorari* el hecho de que se haya establecido este recurso extraordinario después de haber recaído sentencia en la corte de distrito revocando la apelada, pues aun siendo errónea la sentencia que dictó la corte municipal a favor del deman-

dante éste tenía un derecho claro a que tal sentencia no fuera revisada en apelación si el demandado-apelante no cumplía con los requisitos que la ley le exige para que tenga el derecho de revisar la sentencia en apelación.

Tampoco estamos conformes con la alegación que hace el juez de distrito de que el demandado-apelante no tenía el deber de consignar los cánones vencidos y los que fueran venciendo porque había alegado como defensa que su falta de pago se debía a no haber sido requerido por el dueño de la finca para que satisficiera el arrendamiento porque si tuviera que hacer el apelante la consignación quedaría destruído su derecho a ser requerido previamente de pago para que el dueño pueda ejercitar la acción de desahucio.

No solamente la ley no hace tal distinción en las demandas de desahucio basadas en la falta de pago sino que de aceptar la proposición del juez inferior agregaríamos a la ley palabras y conceptos que no tiene. Además, la sentencia condenatoria de la corte municipal tenía la presunción de que el demandado había dejado de pagar sin justificación legal alguna y para destruirla por apelación era necesario que el demandado consignara los cánones vencidos en la fecha de la apelación y que consignara también los que después fueran venciendo, y sin cumplir esos requisitos legales no tenía derecho a que. la sentencia dictada contra él fuera revisada en apelación. No hizo el demandado esa consignación y, en tales circunstancias el recurso de apelación, la Corte de Distrito de Guayama carecía de jurisdicción para resolverlo, por lo que debe ser declarado sobreseido el recurso de apelación que interpuso el demandado y anulada la sentencia.

*Sobreseída la apelación de Sandalio Hernández en el pleito seguido contra él por Esteban Rivera en la Corte Municipal de Cayey y anulada la sentencia de la Corte de Distrito.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.