SELLÉS, CASAS & CO., S. EN C., DEMANDANTE Y APELADA, *v.*
BETANCOURT ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre desahucio.

No. 3111.—Resuelto en julio 26, 1923.

APELACIÓN; DESESTIMACIÓN DE—DESAHUCIO—ARRENDAMIENTO—PAGO POR MEN-
SUALIDADES ADELANTADAS—CONSIGNACIÓN.—Cuando de acuerdo con el con-
trato de arrendamiento el pago de los alquileres ha de hacerse por mensuali-
dades adelantadas, la consignación de cánones que a los efectos de la ape-
lación en un caso de desahucio por falta de pago ha de hacer el arrenda-

tario apelante, debe verificarse el primer día de cada mes, que es el del vencimiento de la obligación. Si así no se hace, procede declarar con lugar una moción del apelado para que se sobresea el recurso.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. A. Aponte, Jr.*

Abogado de la apelada: *Sr. A. L. López.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso de desahucio en el cual se dictó sentencia en junio 16, 1923, y se interpuso apelación el 21. La parte demandante y apelada solicita la desestimación del recurso porque siendo la causa del desahucio la falta del pago de los alquileres, no se han consignado los correspondientes al mes de julio actual. Se opuso el apelante archivando una certificación del secretario de la corte de distrito creditiva de haber hecho la consignación el 5 de julio. La parte apelada insiste porque la ley dice que el demandante puede solicitar que se sobresea la apelación, si el demandado no consigna el importe de todos y cada uno de los arrendamientos que vayan venciendo, artículo 15 de la Ley de Desahucio de 1905, y aquí el arrendamiento de acuerdo con el contrato venció el primero de julio y en tal fecha la consignación no se había verificado.

El contrato expresa que los alquileres se pagarán por mensualidades adelantadas. ¿Cuándo se entiende vencida una mensualidad que deba pagarse por adelantado? De la contestación a esa pregunta depende la resolución del problema planteado.

Cuando se celebró la vista de la moción, expresó la parte apelante por medio de su abogado que existía jurisprudencia tanto española como americana en el sentido de que en casos como el presente o sea cuando el alquiler debe pagarse por mensualidades adelantadas, el arrendatario tiene un plazo razonable que se extiende de siete a diez días para verificar el pago. Sin embargo no proporcionó a la corte

el beneficio de esa jurisprudencia.  Por el contrario la que
ha estado a nuestro alcance no favorece la posición del ape-
lante.

En *Sherlock* v. *Thayer,* la Corte Suprema de Michigan,
se expresó así:

"El único caso que nos ha sido posible encontrar que se refiere
directamente a la cuestión pendiente ante nosotros es el de Smith
v. Sheppard, 15 Pick., 147, en el cual se resolvió en un contrato
sobre pago de renta trimestralmente, *por adelantado* (el primer
día del trimestre caía en el primer día de octubre), que el arren-
datario tenía todo el transcurso del día para pagarla.  El princi-
pio establecido por ese caso es, que cuando el arrendamiento se hace
pagadero por trimestres o en otros períodos especificados, por ade-
lantado, el inquilino tiene todo el transcurso del primer día de
cada uno de los trimestres siguientes o de otros períodos de tiempo
fijados para hacer los pagos.  Esta regla está sostenida por la ra-
zón y la justicia, es consistente con las reglas de ley en casos aná-
logos y con el entendimiento común y la experiencia de los hom-
bres y realiza el objeto de dar tal interpretación al convenio a fin
de conservar los derechos de ambas partes en el mismo.  Si exis-
tiera alguna duda respecto del significado de las palabras o la
intención de las partes, llegaríamos a la misma conclusión, ob-
servando el bien conocido canon de interpretación, que las pala-
bras se han de interpretar de acuerdo con su sentido legal y la
apreciación ordinaria y si ésta fuera dudosa, la intención de las
partes en el contrato gobernará.  Si esta intención es dudosa, se
dará una interpretación, si las palabras han de permitirlo, que
salvará una propiedad, antes que una confiscación: 1 Pick., 485."
Sherlock v. Thayer, 4 Mich. 358.

Y en *Deyo* v. *Bleakley,* la Corte Suprema de New York
dijo:

"Si, de acuerdo con la corriente uniforme de autoridades desde
la decisión de Lord Mansfield, en el caso de Pugh v. Duke of
Leeds, la expresión en este arrendamiento que denota el principio
del término, a saber 'desde el primer día de abril próximo' puede
sí o no incluir o excluir el *terminus a quo,* según la hubieren de-
signado las partes; y como inmediatamente después de esta ex-

presión, se encuentra otra que parece declarar que el primer día de abril de cada uno de los años del término tendrá que ocurrir al comienzo del mismo; (pues la renta se ha de pagar anualmente en partes iguales trimestralmente, en los primeros días de abril, julio, octubre y enero de cada año;) y como estas disposiciones son no sólo juiciosas y coherentes por sí mismas, sino que poseen entera consistencia cuando así se leen unidas con todo el armazón del arrendamiento, yo llego a la conclusión de que este término dió principio ciertamente el primero de abril de 1853 e incluyó ese día; y que el primer trimestre de renta era pagadero en ese día por adelantado.'' *Deyo* v. *Bleakley*, 24 *Barbour's Reports*, p. 14.

No habiéndose consignado durante todo el día primero de julio actual el canon de arrendamiento vencedero dicho día de acuerdo con el contrato que fijó el pago por mensualidades adelantadas, debe declararse con lugar la moción de la apelada que se funda en la ley y, en tal virtud, sobreseerse la apelación y el caso devolverse a la corte de su origen a los fines procedentes.

> *Sobreseída la apelación y devuelto el caso a los fines procedentes.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.