Angel Rafael Martí, peticionario, *v.* Corte de Distrito de San Juan, Hon. C. Llauger Díaz, Juez, demandada.

Núm. 1104.—*Sometido:* Junio 14, 1937. *Resuelto:* Julio 7, 1937.

852

R. *Palacios Rodríguez*, abogado del peticionario; *La Costa & La Costa*, abogados de la demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

María Paniagua radicó en la Corte Municipal de San Juan una demanda de desahucio contra el aquí peticionario, Angel Rafael Martí, acumulando en ella dos causas de acción, basada la primera en el vencimiento del contrato, y en la falta de pago del canon de arrendamiento correspondiente a enero de 1937, la segunda. El 8 de marzo de 1937 recayó sentencia declarando dicha Corte Municipal con lugar la demanda en su segunda causa de acción, y de ella apeló el demandado para ante la corte de distrito.

El día 1º. de mayo de 1937 la demandante en el pleito de desahucio solicitó de la corte de distrito que sobreseyera el recurso de apelación interpuesto para ante ella por no haber el demandado consignado el importe del canon de arrendamiento vencido el día 30 de abril de 1937. Acreditó debidamente su solicitud con una certificación del secretario de la corte municipal, y a la vez acompañó el contrato de arrendamiento que dispone, en la cláusula primera, "que el canon mensual estipulado será el de cuarenta *dollars* pagaderos el día último de cada mes sin excusa ni pretexto alguno en el domicilio de la dueña. . . . ."

Se opuso el demandado a que se sobreseyera su apelación porque "....mensualidad significa período de un mes, y no se entiende vencida, esto es, transcurrida sino hasta pasada la hora 24 del último día, conceptuándose exigible el día siguiente...." Al efecto, ofreció un recibo expedido por el secretario de la Corte Municipal, con fecha 1º. de mayo de 1937, acreditativo de la consignación hecha en ese día.

Por resolución del día 17 de mayo de 1937, la corte de distrito declaró con lugar la moción de la demandante y sobreseyó el caso, amparándose en el artículo 634 del Código de Enjuiciamiento Civil, ed. 1933 (artículo 15 de la Ley de Desahucio), y en lo resuelto por esta Corte Suprema en *Aurora, Sociedad Agrícola,* v. *Barroso,* 36 D.P.R. 948.

A solicitud de Angel Rafael Martí se expidió un auto de *certiorari* para revisar dicha resolución, y oídas las partes el día 14 de junio próximo pasado, quedó el caso sometido.

La solicitud de *certiorari* no presenta ninguna cuestión nueva en esta jurisdicción. El canon de arrendamiento, según el contrato entre las partes, era de $40 mensuales, "*pagaderos* el día último de cada mes...." El correspondiente al mes de abril de 1937 venció, pues, el día 30, que es el último de dicho mes. El arrendatario tenía todo el día 30 de abril para hacer la consignación del canon que vencía ese mismo día; y como no lo hizo así, la demandante tenía perfecto derecho a solicitar que se sobreseyera el caso de acuerdo con el artículo 634 del Código de Enjuiciamiento Civil (15 de la ley de desahucio), no cometiendo la corte recurrida error alguno al así ordenarlo. Véanse, además del caso de *Aurora, Sociedad Agrícola,* v. *Barroso,* supra, citado en la resolución que ahora se revisa, los de *Sellés, Casas & Co., S. en C.,* v. *Betancourt et al.,* 32 D.P.R. 353; *Rivera* v. *Hon. J. A. López Acosta, Juez,* 28 D.P.R. 297; *Silva* v. *Aboy, Giorgetti & Co., Ltd.,* 20 D.P.R. 76, y *Más et al.* v. *Borinquen Sugar Co.,* 17 D.P.R. 958.

854

El peticionario no solamente ha dejado de probar que él hiciera gestión alguna para verificar la consignación del canon en la fecha de su vencimiento, sino que admite en su petición que la consignación fué hecha en el día siguiente al de la expiración del plazo.

*La solicitud de certiorari debe ser declarada sin lugar, y anularse el auto expedido con fecha 25 de mayo de 1937.*

El Juez Asociado Señor Córdova Dávila no intervino.