FRANCISCO R. ORSINI, demandante y apelado, *v.* JOSÉ SÁNCHEZ PARRA, demandado y apelante.

Núm. 9334.—*Sometido:* Diciembre 6, 1946. *Resuelto:* Abril 22, 1947.

*Guillermo S. Pierluisi* y *C. H. Juliá*, abogados del apelante; *R. Arjona Siaca*, abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

Se trata de una acción de desahucio por falta de pago iniciada en la corte inferior el 29 de octubre de 1945. El incumplimiento del contrato alegado por el demandante consistió en no haber pagado el demandado el canon de $200 mensuales correspondiente al mes de septiembre de 1945.

Alegó el demandado que con arreglo al contrato de arrendamiento, el canon debía pagarse el día último de cada mes vencido, pero se estableció entre los contratantes la costumbre de verificarse el pago dentro de los primeros cinco días siguientes al mes vencido; que el 2 de octubre de 1945 y en cuatro o cinco ocasiones más durante la primera quincena de aquel mes, ofreció al demandante un cheque por $200 en pago del mes de septiembre, rehusándolo el demandante; que por ese motivo el 15 de octubre le envió dicho cheque por correo certificado, devolviéndolo el demandante diez días después, en vista de lo cual el demandado acudió el 31 de octubre a la Corte Municipal de Río Piedras—la finca arrendada se halla en el municipio de Río Piedras—y radicó allí demanda de consignación, la cual, al radicarse la contestación, se encontraba aún pendiente de resolución final. Alegó además que el 31 de octubre de 1945 entregó al demandante otro cheque en pago del canon de dicho mes, pero el demandante lo devolvió después.

La corte inferior declaró probado: Que nunca se estableció entre los contratantes la costumbre de efectuar el pago, dentro de los primeros cinco días después de vencido el mes,

y que si bien en algunas ocasiones el pago se verificó dentro de dichos cinco días, se debió a prórrogas solicitadas expresamente por el demandado, concedidas por el demandante; que el canon correspondiente al mes de septiembre de 1945 no fué pagado el día último del mes, sin que se hubiera solicitado prórroga alguna para hacerlo después del vencimiento; que la consignación del canon correspondiente a septiembre hecha 31 días después del vencimiento es ineficaz; que el pago de la mensualidad de octubre intentado después de radicada la demanda, tampoco fué legalmente consumado porque habiendo el demandante objetado la oferta de pago al hacérsele y habiendo devuelto el cheque al demandado el 3 de noviembre, no puede entenderse que renunciara al derecho de continuar la tramitación del pleito; que los cánones correspondientes a las mensualidades de octubre y noviembre fueron consignados en la corte inferior el 14 de diciembre de 1945, o sea, 44 días después de vencida la mensualidad de septiembre y 14 días después de vencida la de octubre; y que el pago de la mensualidad de diciembre de 1945 fué consignado en la Secretaría de la corte *a quo* el 10 de enero de 1946, es decir, diez días después de su vencimiento.

Basada en estas conclusiones de hecho la corte inferior declaró con lugar la demanda e impuso las costas al demandado, incluyendo la suma de $200 para honorarios de abogado.

La cuestión primordial en este recurso es determinar si es o no eficaz la consignación que del canon de septiembre de 1945 hizo el demandado en la Corte Municipal de Río Piedras. A los efectos de la discusión solamente vamos a suponer—contrario a lo que declaró probado la corte inferior—que se había establecido la costumbre entre las partes de pagar los alquileres dentro de los primeros cinco días siguientes al vencimiento de cada mensualidad.

Con arreglo al art. 1445 del Código Civil el arrendatario está obligado a pagar el precio del arrendamiento en los tér-

minos convenidos. El art. 1131 del mismo Código prescribe que la consignación será ineficaz si no se ajusta estrictamente a las disposiciones que regulan el pago. Y como en el presente caso la mensualidad de septiembre, que según el demandante debió pagarse a más tardar el 5 de octubre, no fué consignada hasta el 31 de octubre, dicha consignación es ineficaz y consecuentemente no surte el efecto del pago. *Díaz* v. *Delgado,* 41 D.P.R. 835 y *Martí* v. *Corte,* 51 D.P.R. 851. Además, conforme revelan los autos, la Corte Municipal de Río Piedras, ni en la fecha del juicio ni en ninguna otra posterior, ha declarado bien hecha la consignación. Art. 1134 del Código Civil.

■ Arguye el demandado que la corte inferior debió archivar el pleito de desahucio por haber aceptado el demandante el canon de octubre después de establecido dicho pleito.

La prueba sobre este particular es contradictoria. De conformidad con el demandado y sus testigos, el demandante recibió el cheque del mes de octubre y prometió enviar el recibo más tarde por no llevar consigo el libro de recibos. El demandante, por el contrario, declaró que le fué entregado un sobre por uno de los testigos del demandado, manifestándole que era una carta de éste; que lo cogió y lo guardó sin abrirlo porque en aquellos momentos se dirigía precipitadamente al Auxilio Mutuo por hallarse enfermo, y que al abrir luego el sobre y darse cuenta de que se trataba del cheque de la mensualidad de octubre, inmediatamente lo devolvió al demandado. La corte dió crédito a la declaración del demandante y aceptando como cierta su declaración, preciso es concluir que el recibo del cheque por el demandante en las circunstancias en que la corte declaró que lo había recibido, no dió derecho al demandado a obtener la desestimación del pleito de desahucio.

■ También arguye el demandado que de conformidad con el contrato, había entregado al demandante un cheque expedido por el Banco Crédito y Ahorro Ponceño a la orden

de los dos y por la cantidad de $2,000, para garantizar el cumplimiento del contrato, y que pudiendo cobrar de dicho cheque los cánones adeudados, el demandante no tenía derecho a instar el procedimiento de desahucio. El hecho de que el demandante tuviera en su poder ese cheque, que dicho sea de paso no podía hacer efectivo sin el concurso del demandado, no le obligaba a renunciar al derecho a obtener una sentencia de desahucio por incumplimiento del contrato de arrendamiento.

■ Por último, en su alegato ante este Tribunal, solicita el demandado apelante que se archive el caso o se suspenda el lanzamiento de acuerdo con la sección 12(*a*) de la Ley núm. 464 de 25 de abril de 1946. No tiene razón el apelante pues dicha sección está en suspenso mientras la Ley Federal de Emergencia Sobre Control de Precios de 1942 esté en vigor. *Latoni* v. *Corte Municipal,* ante, pág. 140.

*No existiendo los errores señalados por el apelante, procede la confirmación de la sentencia.*