*41 TEXTO COMPLETO DE LA SENTENCIA
La peticionaria, Gladys M. Rodríguez Contreras, acude de una resolución del Tribunal de Primera Instancia, Sala Superior de Bayamón, que autorizó una consignación efectuada por Ricardo Román Eyxarch, hermano del recurrido Héctor J. Román Eyxarch, sin permitirle incluirlo como parte indispensable en la demanda.
Alega, en síntesis, la peticionaria, además, que incidió el tribunal de instancia al adjudicar derechos sustantivos relativos a un alegado fraude contractual, en un incidente de consignación judicial, sin haber celebrado vista evidenciaría alguna, y a pesar de haber la omisión en el pleito de una parte indispensable.
Se expide el auto de certiorari y se revoca la resolución emitida por el tribunal de instancia. Veamos los fundamentos.
I
El recurrido Héctor Román Eyxarch (Román Eyxarch) y la peticionaria Gladys Rodríguez Contreras (Rodríguez Contreras), contrajeron matrimonio el 16 de julio de 1983. Ambos trabajaron a lo largo de los veinte (20) años de su matrimonio, acumulando un caudal consistente en cuatro (4) inmuebles y múltiples bienes muebles.
El 9 de enero de 2003, el recurrido presentó demanda de divorcio contra Rodríguez Contreras. (Ap. I, págs. 1-7.) Alegadamente, entre las fechas de la separación y de la presentación de la demanda de divorcio, Román Eyxarch le negó acceso a la peticionaria al dinero producto del matrimonio.
Ante tales circunstancias, el 4 de febrero de 2003, Rodríguez Contreras presentó “Moción Urgente sobre Medidas Provisionales de Co-administración de Bienes Gananciales; Solicitud de Igualdad de Uso y Acceso a Bienes Gananciales”, en protección del haber ganancial. El 25 de febrero de 2003, el recurrido entregó a la peticionaria copia de un contrato escrito, relativo a los negocios de gasolineras, el cual alegadamente había sido suscrito el 1 de julio de 2002 por éste y sus dos (2) hermanos, Ricardo y Jorge. (Ap. XXIV, págs. 141-143.)
El divorcio fue decretado el 25 de febrero de 2003, por la causal de trato cruel a favor de Rodríguez Contreras. Para esa misma fecha, el tribunal de instancia emitió una orden dirigida a los tres (3) hermanos Román Eyxarch en la que se les ordenó que todo pago, compensación o beneficio económico pagado por cualquiera de las tres (3) gasolineras Esso y Gulf al recurrido, fuese consignado en el tribunal, salvo por estipulación expresa de las partes. (Ap. El, págs. 8(a)-8.)
*42 Alegadamente, el día antes de presentar la demanda de divorcio, el recurrido Román Eyxarch notificó a su hermano Ricardo, que retiraba su inversión en el negocio de gasolineras, documento que le entregó a la peticionaria Rodríguez Contreras durante el descubrimiento de prueba realizado en este caso de división de bienes. (Ap. XXVI, pág. 140.) El mismo día de presentada la demanda de divorcio, 9 de enero de 2003, Ricardo suscribió dos (2) pagarés a favor del recurrido, los cuales son objeto de controversia sobre consignación y nulidad. (Ap. XXIV, págs. 209-211.)
Según alega la peticionaria, durante la separación entre las partes litigantes y el proceso de divorcio, el recurrido Román Eyxarch, de manera unilateral y sin el conocimiento ni consentimiento de su esposa, decidió retirar la inversión en los negocios de gasolineras. Tal decisión de retiro fue alegadamente notificada por el recurrido a su hermano Ricardo, mediante carta de 7 de enero de 2003, dos (2) días antes de haberse presentado la demanda de divorcio contra la peticionaria. (Ap. XXIV, págs. 127-139.)
El recurrido Román Eyxarch y sus dos (2) hermanos Ricardo y Jorge, inversionistas-dueños de las gasolineras Betances, Esso y Gulf Norte II, no suscribieron ningún documento cuando se adquirieron ambas gasolineras, que recogiera el acuerdo verbal existente entre ellos. (Ap. XXIV, págs. 158-196.) Sin embargo, éstos firmaron un contrato escrito sobre “Ratificación Sobre Inversión de Negocios en Marcha”, alegadamente el 1 de julio de 2002.
Los hechos procesales del caso ante nos comenzaron el 17 de marzo de 2003, cuando el recurrido Román Eyxarch presentó demanda de división de bienes gananciales. (Ap. 1, págs. 1-7.) Una vez contestada la demanda y tras múltiples incidentes procesales, el 2 de abril de 2004, la peticionaria citó al hermano del recurrido Ricardo Román Eyxarch, a una deposición sub poena duces tecum, para llevarse a cabo el 10 de mayo de 2004. (Ap. VII, págs. 53-61.)
El 22 de julio de 2004, Ricardo presentó moción de consignación, alegando que era el deudor de un pagaré por $166,667; que tenía dos (2) plazos vencidos; que por información y creencia, el tenedor de dicho pagaré era el recurrido Román Eyxarch; y que “dicha obligación surge como resultado del retiro de una inversión de negocios realizadas por el demandante, Héctor Román Eyxarch, vigente el matrimonio entre las partes Consignó la cantidad de $116,390.58 ante el tribunal de instancia. (Ap. IX, págs. 64-68.)
La peticionaria, mediante moción del 30 de agosto de 2004, se opuso a tal consignación y además, le solicitó al tribunal la autorización para traer al pleito a Ricardo y Jorge Román Eyxarch como terceros demandados. Alegando en dicha moción que éstos eran partes indispensables, dado sus participaciones en los negocios de gasolineras, las cuales son incidentes de la controversia en la división de bienes gananciales. (Ap. XIII, págs. 77-79.)
Luego de varios trámites, el 13 de diciembre de 2004, el tribunal de instancia emitió resolución, aceptando la consignación efectuada por Ricardo Román Eyxarch, hermano del recurrido, sin haber celebrado vista evidenciaría alguna.
Inconforme con tal determinación, la peticionaria Rodríguez Contreras acude ante nos a través del presente recurso de certiorari.
II
Expuestos los hechos pertinentes, procedemos a discutir la norma jurídica aplicable.
A
Consignación de deuda
*43 El Artículo 1132 del Código Civil establece que la consignación se hará depositando la cosa debida ante la autoridad judicial, acreditándose el ofrecimiento y la negativa del acreedor a admitirla sin razón legal. 31 L.P.R. A. see. 3182. Para que una consignación sea válida y releve del pago al deudor, tiene que ajustarse estrictamente a las disposiciones y acuerdos de las partes, sobre el cumplimiento de la obligación pactada. Orsini v. Sánchez, 67 D.P.R. 207, 210 (1947).
No se debe perder de perspectiva que la aceptación de un pago por el acreedor, una vez hecho el ofrecimiento de pago por el deudor sobre una reclamación en la que exista controversia, puede constituir en ciertas circunstancias “aceptación como finiquito”. Véase, H.R. Elec. Inc., v. Rodríguez, 114 D.P.R. 236, 240 (1983). (Casos citados.)
B
Sobre las alegaciones de fraude
En nuestra jurisdicción, la regla general es que el fraude no se presume y aquél que lo afirma debe probarlo “con certeza razonable; esto es, con preponderancia de la evidencia que satisfaga la conciencia del juzgador.” González v. Quintana, 145 D.P.R. 463, 471 (1998); De Jesús Díaz v. Carrero, 112 D.P.R. 631, 639 (1982). Ahora bien, aunque el Artículo 1249 del Código Civil, 31 L.P.R.A. see. 3498, establece varias presunciones de fraude, su apreciación como cuestión de hechos es de la exclusiva competencia del juzgador de instancia y “no puede tener base puramente conjetural.” García López v. Méndez García, 102 D.P.R. 383, 386 (1974); Carrasquillo v. Lippit & Simonpietri, Inc., 98 D.P.R. 659, 662 (1970).
El enajenar o gravar bienes de la sociedad de gananciales sin el consentimiento de uno de los cónyuges, previo a la presentación de una demanda de divorcio, puede levantar una inferencia razonable de fraude, pues se puede colegir que el acto se realizó con el propósito de afectar los derechos propietarios del cónyuge que no dio su consentimiento. Véase, García López v. Méndez García, supra, pág. 391; De Jesús Díaz v. Carrero, supra.

C

Parte indispensable
Asimismo, el ordenamiento procesal civil que regula el aspecto de partes indispensables, se dispone en la Regla 16.1 de Procedimiento Civil. Dicha regla expresa al respecto que:
“Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada. ” (Enfasis suplido.)
32 L.P.R.A. Ap. III.
Cónsono con el principio reglamentario antes expuesto, una paite indispensable se define como “[ajquella persona cuyos derechos o intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada estando esa persona ausente del litigio”. Fred y otros v. E.L.A., 151 D.P.R. 599, 608 (2000); Cepeda Torres v. García Ortiz, 132 D.P.R. 698, 704 (1993). Véase, además, Mun. de San Juan v. Bosque Real S.E., opinión de 4 de marzo de 2003, 2003 J.T.S. 33, pág. 628.
El propósito de la Regla 16.1 de Procedimiento Civil, supra, es proteger a las personas ausentes de los posibles efectos peijudiciales de la resolución del caso sin su presencia, y así evitar multiplicidad de pleitos mediante un remedio efectivo. Sánchez Encarnación v. Sánchez Brunet, opinión de 13 de julio de 2001, 2001 J.T.S. 112, pág. 1573; Fred Reyes v. E.L.A., supra. Como los derechos e intereses de una parte indispensable podrían quedar afectados al momento de emitir la sentencia o resolución por no estar presente en *44 el litigio, dicha parte tiene que ser traída al pleito, como parte de las garantías del debido proceso de ley. Vencedor Dev. Corp. v. Aut. de Carreteras, 136 D.P.R. 456, 460 (1995); Rodríguez Rodríguez v. Moreno Rodríguez, 135 D.P.R. 623, 627-628 (1994). Por lo tanto, de no incluirse a dicha parte indispensable en el pleito, la sentencia dictada no sería válida, pues afectaría a una parte a la cual no se le dio oportunidad de tener su “día en corte”. Fred y otros v. E.L.A., supra, 608-609; Mpio. de Ponce v. Autoridad de Carreteras, opinión de 29 de diciembre de 2001, 2001 J.T.S. 3, pág. 653.
Se ha reconocido por el Tribunal Supremo que la alegación, sobre la ausencia de una parte indispensable, puede presentarse inclusive por primera vez en la etapa apelativa. Deliz Muñoz v. Igartúa Muñoz, opinión de 23 de enero de 2003, 2003 J.T.S. 7, pág. 433; Hernández Agosto v. López Nieves, 114 D.P.R. 601, 603 (1983).
D
Inhibición del juez
Cuando una parte entienda que está presente alguna de las circunstancias enumeradas en la Regla 63.1 de Procedimiento Civil, y que procede la inhibición del juez en el caso, lo que debe hacer es presentar inmediatamente una solicitud de recusación formal al Tribunal. La moción de inhibición debe ser por escrito y esta- debidamente juramentada, sobre las causas en que se funda. In re: Marchand Quintero, 151 D.P.R. 973, 985 (2000).
Así lo dispone la Regla 63.2 al expresa que:

“Cualquier recusación deberá ser jurada y expondrá los hechos en que se funda. Dicha recusación deberá ser presentada tan pronto el solicitante advenga en conocimiento de la causa de recusación. ”

32 L.P.R.A. Ap. III.
Abundando al respecto, nuestro Tribunal Supremo ha expresado que la solicitud de inhibición de un juez debe hacerse en las etapas tempranas de los procedimientos y no cuando se solicita revisa sus méritos en la fase apelativa. El foro apelativo, a iniciativa propia o por una nueva alegación de una pate, sin que ésta haya cumplido con el proceso de inhibición del juez que tiene asignado el caso ante el foro de instancia, no puede ordena en su dictamen que se le reasigne el caso a otro juez y, por ende, así inhibirlo de continua con el caso. Depto. de Familia v. Soto, 147 D.P.R. 618, 646 (1999).
III
Aplicación de la norma jurídica
Es un hecho no controvertido que el 30 de agosto de 2004, la peticiónala Rodríguez Contreras presentó “Moción en Oposición. a Consignación” ante el tribunal de instancia, alegando que tanto el contrato escrito sobre “Ratificación sobre Inversión de Negocios en Marcha”, los pagarés y la carta suscrita por Román Eyxarch de 7 de enero de 2003, eran nulos. Solicitó además, que de entender el tribunal que la consignación realizada por Ricado, estaba bien hecha:

“[...] le autorice enmendar sus alegaciones para traer al pleito a los señores Ricardo y Jorge Román Eyxarch como terceros demandados en cuanto a la controversia sobre la nulidad del contrato sobre participación en el negocio de gasolineras y los referidos pagarés.

[■■■]”■

(Véase, Ap. XIII, pág. 79.)
*45 La peticionaria sostuvo que no procedía la consignación realizada por Ricardo, el hermano del recurrido, pues éste no había presentado demanda contra las partes litigantes alegando que éstos eran sus acreedores, que la deuda se basaba en un contrato válido y que éstos se habían negado a recibir el pago de la deuda.
En la alternativa, de entender el foro de instancia que la consignación estaba bien hecha, la peticionaria alegó que los hermanos del recurrido eran parte indispensable en cuanto a la controversia sobre nulidad del contrato de participación en el negocio de gasolineras y los referidos pagarés. Fundamentó su alegación en el hecho que éstos tienen participación en el negocio de las gasolineras, y sus derechos o intereses podrían quedar afectados por una sentencia dictada en su ausencia.
A pesar de la solicitud de la peticionaria para enmendar sus alegaciones e incluir a Ricardo y a Jorge, hermanos del recurrido, el tribunal de instancia procedió a resolver que:

“[...] tanto la inversión original de negocio como el retiro de la misma son actos totalmente válidos llevados a cabo por el Sr. Héctor Román Eyxarch [recurrido] dentro del ámbito del ejercicio de su industria o negocio, los cuales no necesitaban del consentimiento escrito de su entonces esposa.

[...]".

(Véase, Sentencia, Ap. XXV, págs. 237-238.)
El foro de instancia “con el beneficio de los escritos radicados, los documentos presentados y la amplia discusión efectuada en ocasión de la vista emitió su dictamen. (Véase, Resolución, Ap. XXV, pág. 231.) Surge de la resolución del foro de instancia, que resolvió la controversia sobre el alegado fraude y la nulidad del contrato de las gasolineras entre el recurrido y sus hermanos, sin celebrar una vista evidenciaría donde recibiera prueba sobre ese particular. Igualmente, el tribunal de instancia declaró con lugar la consignación realizada por Ricardo Román Eyxarch, todo ello sin permitirle a la peticionaria incluir a éste y a su hermano Jorge, como terceros demandados, en el pleito. Por lo cual, conforme al claro trámite realizado por el foro de instancia, se le privó a la peticionaria de probar su afirmativa, sobre el alegado fraude, en una vista plenaria.
Considerando que tanto Ricardo como Jorge Román Eyxarch, se alega que tienen participación en el negocio de las gasolineras, negocio del cual se han consignado unos pagarés a favor del recurrido, de ser así, sus derechos o intereses en dicha participación podrían verse afectados cuando se dilucide la alegación de fraude antes mencionada. Ante tales circunstancias, concluimos que Ricardo y Jorge Román Eyxarch son partes indispensables y se debe permitir a la peticionaria enmendar sus alegaciones para incluirlos, según lo solicitado. Todo ello, con más razón cuando hay una alegación de fraude por la peticionaria, sobre el retiro del recurrido de las inversiones en las mencionadas gasolineras, las cuales a su vez se álegan son parte de losNienes gananciales.
En cuanto a la alegación de la peticionaria sobre la inhibición del juez del tribunal de instancia, basta señalar que no la podemos resolver en esta fase revisora. La peticionaria no ha presentado una solicitud de recusación formal del referido juez ante este tribunal ni ante el foro de instancia, por lo cual no estamos en posición de resolver dicha solicitud. Si la peticionaria entiende que procede la inhibición del juez de instancia en este caso, debe presentar inmediatamente una solicitud de recusación formal al tribunal de instancia, por escrito y debidamente juramentada, para su resolución.
IV
Por los anteriores fundamentos, se expide el recurso de certiorari y se revoca en su totalidad la resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Se devuelve el caso a dicho foro judicial, para que permita a la peticionaria enmendar sus alegaciones e incluir a Ricardo y Jorge Román Eyxarch, como parte en el pleito, y una vez se cumpla dicho trámite, disponga de la moción de consignación y *46 en su día de la demanda.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones